## LEE & FOSTER v. W. H. WALKER'S ADM'RS.

**Mortgage Foreclosure—Description of Debt.**

Where it is stipulated in a mortgage that it is to secure certain described debts, and in a suit to foreclose it there is no allegation of a mistake, it cannot be construed to secure other indebtedness than that described therein.

**Mortgage Lien as Against Purchasers.**

Where it is stated in a mortgage that it is given to secure named debts and to secure other indebtedness not described, such a mortgage will not create a lien as against purchasers of the property described in the mortgage.

### APPEAL FROM OWEN CIRCUIT COURT.

October 29, 1878.

OPINION BY JUDGE PRYOR:

This case is unlike the case of *Berryman v. Brumback* in this: Berryman filed the petition alleging that the object of the appellee, Walker, was to secure himself in goods thereafter sold or to be sold the mortgagee, and made no question except one of fraud.   Walker

answered and said that advances had been made for more than the amount of the debt, both parties conceding that to that extent the mortgage was good. In this case the mortgagee files his bill to foreclose, and alleges that the mortgage was not given to secure the payment of the $500 loaned money, but was in fact executed to secure the debts for which the notes were executed. There is no allegation of a mistake, but the plain statement that the mortgage was intended to secure other debts than those mentioned in the mortgage.

How such a mortgage can affect a purchase with or without notice we cannot well perceive. The tobacco is in possession of the debtor, and the creditor is notified that the mortgage was not intended to secure that debt but some other debts differing in amount and created at a different time. Now to make a mortgage effectual its terms and conditions must show that it is given to secure the debt therein mentioned, either due or to become due, or if for goods thereafter to be purchased, the mortgage must show this fact; and the bare statement in the writing hat the writing was given for other purposes or to secure other debts than those mentioned will not create a lien as against purchasers. In the case of *Berryman v. Brumback* it was a contest between creditors. The equities of the parties were being asserted; the one had parted with a portion of his goods on the faith of the pledge and the other had parted with nothing.

In this case the purchaser is affected alone by the record. He has parted with his money and become the owner of the property, and the concession that the mortgage was not intended to secure the debt mentioned is conclusive against the appellee. In other words, the mortgagee cannot assert a lien as against a purchaser who pays his money when he admits that the mortgage was not given to secure the debt it represents. The mortgage in this case was given doubtless in good faith, but it was not executed to secure the claim mentioned. The judgment is therefore *reversed* and cause remanded with directions to dismiss the petition as against the appellants, Lee & Foster.

*Lillard & Hallam, for appellant.*
*A. P. Grover, H. P. Montgomery, for appellees.*